IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CALVIN PAGE, § § **Plaintiff,** § § vs. § § ZIMMER, INC., a Delaware Corporation; § ZIMMER HOLDINGS, INC., a Delaware § Corporation; and ZIMMER US, INC., a § Delaware corporation § § **Defendants.** § | Civil Action No. 1:11-cv-10077 |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER
TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED**

Plaintiff CALVIN PAGE, by and through his undersigned counsel, hereby submits this Response to Show Cause why this case should not be Dismissed and in support thereof would respectfully show the Court as follows:

### I. BACKGROUND

1. This product liability action was initially filed by Plaintiff on January 7, 2011. Subsequent to the filing of this action, summons were issued but have not been served upon Defendants. In lieu of serving the summons' initially, waivers of citation were prepared. These waivers were inadvertently not sent to Defendants certified mail pursuant to the Federal Rules. This has resulted in Defendants not being served and, therefore, not yet appearing in this matter.

2. Plaintiff is in the process of serving Defendants with process to immediately remedy this situation.

3. Plaintiff fully intends to prosecute this case and the inadvertent failure to serve Defendants was not intentional.

4.     Counsel for Plaintiffs apologizes for this oversight but requests that this Court continue this case on the Docket so that Plaintiff may prosecute his claims in the case at bar.

## II. GOOD CAUSE AND MOTION FOR EXTENSION OF TIME

Federal Rule of Civil Procedure 6 (b)(1)(B) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (b)on motion made after the time has expired if the party failed to act because of excusable neglect." Good cause exists when the trial court, in its discretion, finds excusable neglect. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 895 (1990).

Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness of counsel. *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 391(1993). Excusable neglect encompasses even the negligence of counsel. *See Pioneer Investment Services*, 507 U.S. at 391.

The delay in serving Defendants was not done intentionally or in bad faith. Rather, it was due to inadvertence. This inadvertence was not willful and the drastic imposition of the sanction of dismissal is not warranted in this case. Accordingly, Plaintiff requests that this Court grant Plaintiffs additional time to serve Defendants and maintain the case on the docket.

Respectfully submitted,
**HOUSSIERE, DURANT & HOUSSIERE, LLP**

/s/ Monica C. Vaughan
Monica C. Vaughan
Texas State Bar No. 00794784
Federal Identification No. 19540
1990 Post Oak Blvd, Suite 800
Houston, Texas 77056
Telephone: (713) 626-3700
Facsimile: (713) 626-3709